# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ROBERT L. WRIGHT,**
**D.O.C. # D-U01281,**

    **Plaintiff,**

vs.                                **CASE NO. 4:24-cv-321-MCR-MAF**

**ELI LIDSKY,**
**IRS DEPT. OF THE TREASURY,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, who is a pro se prisoner and serial litigant, submitted a civil rights complaint, ECF No. 1, as well as a letter, ECF No. 2, on August 15, 2024. Plaintiff has not paid the filing fee or requested leave to proceed in forma pauperis. Even if Plaintiff had filed an in forma pauperis motion, it would not be reviewed. That is because Plaintiff is well known to this Court as a "three striker." In the past 8 months, Plaintiff has filed at least 18 cases.[1]

---

[1] Judicial notice is taken of the following cases filed by Plaintiff since January 2024: 4:24-cv-00006-MW-MAF (dismissed for failure to comply with court orders); 4:24-cv-00011-AW-MAF(dismissed for failure to comply with court orders); 4:24-cv-00012-MW-MAF (dismissed as frivolous and for failure to comply with court orders); 4:24-cv-00017-WS-MAF (dismissed as malicious and for failure to comply with court orders); 4:24-cv-00051-AW-MAF (dismissed for failure to comply with court orders); 4:24-cv-00060-WS-MAF (dismissed for failure to comply with court orders); 4:24-cv-00088-MW-MAF (dismissed for failure to comply with court orders); 4:24-cv-00107-AW-MAF (dismissed for failure to comply with court orders); 4:24-cv-00108-WS-MAF (dismissed for failure to comply with court orders); 4:24-cv-00132-WS-MJF (dismissed for failure to state a

Sometimes Plaintiff's complaints have been on the court form as required by the rules of this Court, but sometimes they have not. This case was initiated by the submission of a combination of notebook paper, plain paper, and page 3 of the court form. The complaint is defective for a variety of reasons, but central to this recommendation is the three-strike rule under 28 U.S.C § 1915(g).

Plaintiff does not include the required disclosures of prior court cases under § 1915(g). Given his history, this is not surprising. Such disclosures are necessary because a prisoner is entitled to in forma pauperis status only if the prisoner meets the qualification of § 1915(g) - that is, if he hasn't brought "3 or more prior" cases which were dismissed on the grounds that the complaint was "frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Judicial notice is taken that Plaintiff has had 3 prior cases dismissed for reasons which count as a "strike" under § 1915(g).

---

claim); 4:24-cv-00142-MW-MJF (pending order on recommended dismissal for failure to comply with court orders); 4:24-cv-00155-WS-MAF (dismissed pursuant to 28 U.S.C § 1915(g)); 4:24-cv-00212-WS-MAF (dismissed pursuant to 28 U.S.C § 1915(g)); 4:24cv296-MW-MAF (pending order on recommended dismissal pursuant to 28 U.S.C § 1915(g)); 4:24-cv-00235-MW-MAF (dismissed pursuant to 28 U.S.C § 1915(g)); 4:24-cv-00310-MW-MAF (pending order on recommended dismissal pursuant to 28 U.S.C § 1915(g)); and 4:24-cv-314-WS-MAF (filed August 12, 2024).

On January 10, 2024, Plaintiff filed case number 4:24cv12-MW-MAF in this Court which was dismissed March 20, 2024 both as frivolous and for failure to comply with a court order.  ECF No. 11 of that case.  That dismissal properly counts as a "strike."

Also on January 10, 2024, Plaintiff filed case number 4:24cv17-WS-MAF in this Court.  It was dismissed on April 9, 2024, "as a shotgun pleading, as malicious based on [Plaintiff's] affirmative misrepresentations regarding his litigation history, for failure to comply with court orders, and for failure to pay the filing fee."  ECF No. 26 of that case.  A "malicious" dismissal counts as a strike, and that is Plaintiff's second strike.

On March 18, 2024, Plaintiff filed case number 4:24cv132-WS-MJF in this Court.  That case was dismissed on April 30, 2024 because Plaintiff's complaint failed to state a claim.  ECF No. 19 at that case.  That dismissal counts as Plaintiff's third "strike."

All three cases cited above were filed while Plaintiff was a "prisoner."  Therefore, because Plaintiff has three "strikes," he is not entitled to proceed without paying the filing fee at the time of case initiation unless Plaintiff alleges that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Plaintiff presents no such allegations in his complaint, ECF No. 1.

Case 4:24-cv-00321-MCR-MAF    Document 4    Filed 08/19/24    Page 4 of 5

Page 4 of 5

In this case, Plaintiff alleges Defendant Lidsky, an attorney with Morgan & Morgan, sent him "a notation publishing that he had a potential claim/potential lawsuit and refused to assist him…the Plaintiff believes he has earned some type of money." Id. at 2. It is unclear as to how Defendant IRS is involved. He seeks $16,022,205 in "fees." Id. Similar to his other 17 cases filed this year, Plaintiff makes no allegations that he is facing imminent danger from any person or situation.

Therefore, this case should be summarily dismissed without prejudice because Plaintiff did not submit the filing fee at the same time the complaint was submitted, and as a "three striker," Plaintiff is not entitled to belatedly pay the filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." Id.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that that this case be **DISMISSED without prejudice**, and the Order adopting this Report and Recommendation should direct the Clerk of Court to note on the docket that

4:24-cv-321-MCR-MAF

this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida on August 19, 2024.

<u>s/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).**